UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ROBERT PETERSON,

    Plaintiff,

v.        Case No. 11-12153

STATE OF MICHIGAN and
UNITED STATES OF AMERICA,

    Defendants.
                                  /

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On May 17, 2011, Plaintiff Thomas Robert Peterson filed a *pro se* complaint against the State of Michigan and the United States of America. On May 27, 2011, this court issued an "Order Granting Plaintiff's Application to Proceed *In Forma Pauperis* and Dismissing the Complaint" for failure to state a claim upon which relief can be granted. (5/27/11 Order.) On June 10, 2011, Plaintiff filed the instant motion for reconsideration. For the reasons stated below, the court will deny Plaintiff's motion.

Eastern District of Michigan Local Rule 7.1 provides that a motion for reconsideration shall be granted if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that merely presents "the same issues ruled upon by the court, either

expressly or by reasonable implication," will not be granted.  E.D. Mich. LR 7.1(h)(3); *Savage v. United States*, 102 F. App'x 20, 23 (6th Cir. 2004).

The court previously considered and addressed the arguments raised by Plaintiff regarding the alleged violation of § 7 of the Privacy Act of 1974, 93 Pub. L. No. 579, by both the United States and the State of Michigan.  As the court explained, the United States is not a proper party to this complaint because Plaintiff's "factual assertions indicate that any action was taken by the State of Michigan" and that "the complaint contains no facts relating to the United States."  (*See* 05/27/11 Order at 4.)  With regard to Plaintiff's allegations against the State of Michigan, the court previously determined that § 7 "applies only to Federal agencies," and, therefore, not to the State of Michigan.  *Schmitt v. City of Detroit*, 395 F.3d 327, 329 (6th Cir. 2005).  The court further explained that, in relevant part, § 7(b) is superceded by an amendment to the Social Security Act.  42 U.S.C. § 405(c).  Finally, the court determined that § 7(a)(1), by its own terms stated in § 7(a)(2)(A), does not apply in this instance because other federal law requires disclosure of social security numbers.  (*See* 05/27/11 Order.)  Plaintiff's contention that these defects were cured by the insertion of "proofs" in an amended complaint is insufficient to establish grounds for reconsideration.  Therefore, Plaintiff's presentation of the same issues previously decided does not "demonstrate a palpable defect" upon which reconsideration may be had.  Accordingly,

IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 4] is DENIED.

     s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 11, 2011, by electronic and/or ordinary mail.

     s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-12153.PETERSON.Reconsideration.nkt.wpd